Clemente MORALES–ARCADIO,
et al., Plaintiffs,

v.

SHANNON PRODUCE FARMS,
et al., Defendants.

No. CV605–062.

United States District Court,
S.D. Georgia,
Statesboro Division.

Sept. 11, 2006.

Lisa J. Krisher, Georgia Legal Services, Melissa R. Lee, Atlanta, GA, William J. Cobb, Decatur, GA, for Plaintiffs.

Elizabeth K. Dorminey, J. Larry Stine, Wimberly, Lawson, Steckel, Nelson & Schneider, PC, Atlanta, GA, for Defendants.

### ORDER

SMITH, United States Magistrate Judge.

Before the Court is plaintiffs' motion to strike or otherwise invalidate defendants' Rule 68 offer of judgment. Doc. 37. Plaintiffs contend that defendants' offer of judgment is improper since defendants served it during the time period provided by the Court for other similarly-situated plaintiffs to join the instant FLSA collective action. *Id.* Plaintiffs argue, *inter alia,* that the offer short-circuits the collective action process, has no legal effect since it purports to extend to workers who are not parties to the action, and moots the certified collective action and court-authorized notice. *Id.* Defendants have filed an opposition to the motion contending that plaintiffs' motion is premature since a motion to strike an offer of judgment is only proper at the conclusion of a case.[1]

Doc. 44. Defendants also contend that their offer of judgment is proper since it specifically contemplates and provides a recovery for additional opt-in plaintiffs who join the action by the opt-in deadline. *Id.*

Plaintiffs filed the instant action on July 11, 2005 and moved for certification of a FLSA collective action pursuant to 29 U.S.C. § 216(b) on November 23, 2005. Doc. 23. The Court certified the collective action and authorized notice to be sent to the potential class members. Doc. 33. The Court set June 15, 2006 as the deadline for any workers to file their consent forms to join the collective action. *Id.* Defendants, pursuant to Federal Rule of Civil Procedure 68, served an offer of judgment on plaintiffs on March 6, 2006 in an attempt to settle plaintiffs' FLSA claims. Doc. 37. Plaintiffs were required to respond to this offer by March 23, 2006. *Id.*

Federal Rule of Civil Procedure 68 provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." The Rule further provides that an offer of judgment may be made "[a]t any time more than 10 days before the trial begins," and that a party has ten days to decide whether to accept such an offer. Fed. R.Civ.P. 68.

The plain language of Rule 68 provides that an offer of judgment may only be made by "a party defending against a claim ... upon the adverse party." Fed.R.Civ.P. 68. An employee seeking to join a FLSA collective action will not become "a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such an action is brought." 29 U.S.C. § 216(b); *see also Haynes v. Singer Co., Inc.,* 696 F.2d 884, 885 (11th Cir.1983) (under the FLSA, a member of the class not individually named in the complaint is not a party to the action

---

1. Defendants assert that a Rule 68 offer of judgment is not a document that becomes a part of the Court's record until either plaintiffs accept such an offer, thereby settling the case and creating a basis for the Court to enter judgment, or defendants rely on such an offer for an award of fees pursuant to Rule 68. Doc. 44. Plaintiffs have attached defendants' offer to their motion to invalidate the offer, thereby placing the offer into the record. Doc. 38, Ex. A.

unless he affirmatively takes measures to join the action by filing a written consent with the court). In the instant case, defendants served their offer of judgment on plaintiffs on March 6, 2006, a month after the Court certified the collective action and more than three months prior to the expiration of the opt-in period for others to join the collective action. Thus, the class of plaintiffs was not fully identified at the time of the offer. Because Rule 68 explicitly provides that a defendant may only serve an offer of judgment upon an "adverse party," defendants' offer only extended to the original named plaintiffs and to those individuals who had joined the collective action as of March 6, 2006. The offer of judgment, therefore, was invalid as to the potential class members who had not opted into the litigation when defendants made their offer, since those individuals were not "parties" to the collective action.[2]

Accordingly, plaintiffs' motion to invalidate defendants' offer of judgment is GRANTED.

---

**2.** Moreover, since a claim generally becomes moot when a defendant fully satisfies a plaintiff's claim for relief with an offer of judgment, courts have been concerned about defendants strategically making offers in an attempt to cut off litigation before all of the class members have been identified. *Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290517, *2 (S.D.Fla. 2006) (recognizing that the broad remedial purpose of the FLSA and the specific purpose of § 216(b) is to reduce the number of multiple suits against the same employer); *see also Geer v. Challenge Financial Investors Corp.*, 2006 WL 704933 (D.Kan.2006); *Reed v. The TJX Companies, Inc.*, 2004 WL 2415055 (N.D.Ill.2004).